(116 So. 417)

## PARHAM v. STATE. (1 Div. 751.)

Court of Appeals of Alabama.  Nov. 29, 1927.

Rehearing Denied Jan. 10, 1928.

Gordon, Edington & Leigh, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J. The appellant was indicted, tried, and convicted for and of the offense of forging a check, or uttering, with knowledge, as true, a forged check. The indictment followed the Code form, and covered the offense fully.

The evidence showed, without dispute, that the check described in the indictment was uttered and delivered to Reynolds Music House, and that same was not signed by J. W. Tanner, whose signature it bore, or any one else who was thereunto authorized.

As stated by appellant's able counsel in their brief filed on this appeal, the main question in the case is, Did the state meet the burden in proving that this appellant either forged the said check, or uttered same, knowing that it was forged?

Without discussing or detailing the evidence, we state our conclusion that after reading same en banc, we are unanimously of the opinion that it rendered the question of whether or not appellant was sufficiently identified as the guilty party one for the jury's decision.

The exceptions reserved on the taking of testimony are without merit. In the first instance the matter objected to, beside not being of a nature that could have injuriously affected defendant, was later brought out by the defendant himself. In the second instance the matter objected to was, it is true, irrelevant, so far as we can see. But it is not conceivable that it could have worked any injury to defendant's cause. So, under Supreme Court rule 45, we would not reverse for this.

The argument of the solicitor did not transcend any of the rules. It was purely within the discretion of the trial court to allow him to read, in the hearing of the jury, the statute referred to.

The case appears to have been fairly and correctly tried, and the judgment is affirmed.

Affirmed.